**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NEWWAVE HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>Defendants. | Case No. 25-cv-2417<br><br>Judge John Robert Blakey |

**DEFAULT JUDGMENT ORDER**

This action having been commenced by Plaintiff NewWave Holdings, LLC, ("Plaintiff") against the defendants identified on Schedule A, and using the Online Marketplace Accounts identified on Schedule A (collectively, the "Defendant Internet Stores"), and Plaintiff having moved for entry of Default and Default Judgment against the defendants identified on Schedule A attached hereto which have not yet been dismissed from this case (collectively, "Defaulting Defendants");

This Court having entered a preliminary injunction; Plaintiff having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication and e-mail, along with any notice that Defaulting Defendants received from domain name registrars and payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Second Amended Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing and counterfeit versions of Plaintiff's federally registered THE UZZLE (Registration No. 6,794,372) trademark (the "Plaintiff Trademark") to residents of Illinois using e-commerce listings which infringe Plaintiff's copyrighted marketing materials (the "Copyrighted Material"). In this case, Plaintiff has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using counterfeit and/or infringing versions of the Plaintiff Trademark and/or Copyrighted Material. *See* [39], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its counterfeit goods to customers in Illinois bearing infringing and/or counterfeit versions of the Plaintiff Trademark and/or using infringing copies of the Copyrighted Material to do so.

The Plaintiff Trademark is included in the below chart.

| Registration Number | Registered Trademark | International Classes |
|---|---|---|
| 6,794,372 | THE UZZLE | 028 |

This Court further finds that Defaulting Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510 *et seq.*), and willful copyright infringement (17 U.S.C. § 501).

Accordingly, this Court orders that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Judgment is entered against Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

   a. using the Plaintiff Trademark or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff product or not authorized by Plaintiff to be sold in connection with the Plaintiff Trademark;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff product or any other product produced by Plaintiff, that

is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Plaintiff Trademark;

c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the Plaintiff Trademark, or any reproductions, counterfeit copies or colorable imitations; and

e. reproducing, publicly displaying, distributing, or otherwise using in any way Plaintiff's Copyrighted Material or materials substantially similar thereto.

2. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as Alibaba Group Holding Ltd., Ant Group Co. Ltd., and AliExpress E-Commerce One Pte. Ltd. (individually and collectively "Alibaba"), LLC d/b/a "LianLian Global,"

LianLian Bao (Hangzhou) Information Technology Co., Ltd., and Lianlian Yintong Electronic Payment Co., Ltd. (individually and collectively "LianLian"), Payoneer Global Inc. ("Payoneer"), PayPal, Inc. ("PayPal"), Stripe, Inc. ("Stripe"), or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA) (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell counterfeit and infringing goods using the Plaintiff Trademark or Plaintiff's Copyrighted Material; and

b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product (i) bearing the Plaintiff Trademark or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine Plaintiff product or not authorized by Plaintiff to be sold in connection with the Plaintiff Trademark, or (ii) using Plaintiff's Copyrighted Material or materials substantially similar thereto.

3. Upon Plaintiff's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements

used by or associated with Defaulting Defendants in connection with the sale of counterfeit and infringing goods using the Plaintiff Trademark or Copyrighted Material or materials substantially similar thereto.

4. Pursuant to 15 U.S.C. § 1117(c)(2), Plaintiff is awarded statutory damages from each of the Defaulting Defendants in the amount of $250,000 for willful use of counterfeit Plaintiff Trademarks on products sold through at least the Defendant Internet Stores. This award shall apply to each distinct Defaulting Defendant only once, even if they are listed under multiple different aliases in the Complaint and Schedule A.

5. Pursuant to 17 U.S.C. § 504(c), Plaintiff is awarded statutory damages from each of the Defaulting Defendants in the amount of $150,000 for Defaulting Defendants' unlawful reproduction, public display, and distribution of Plaintiff's Copyrighted Material. This award shall apply to each distinct Defaulting Defendant only once, even if they are listed under multiple different aliases in the Complaint and Schedule A.

6. Any Third Party Providers holding funds for Defaulting Defendants, including, without limitation, Alibaba, LianLian, Payoneer, PayPal, and Stripe, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraphs 4 and 5 above) or other of Defaulting Defendants' assets.

7. All monies (up to the amount of the statutory damages awarded in Paragraphs 4 and 5 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers including, without limitation, Alibaba, LianLian, Payoneer, PayPal, and Stripe, are hereby released to Plaintiff as partial payment of the above-identified damages, and Third Party Providers, including, without limitation, Alibaba, LianLian, Payoneer, PayPal, and Stripe are ordered to release to Plaintiff the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

8. If all monies currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers do no satisfy the entire above-identified damages, such accounts shall remain restrained and any additional monies received into those accounts in the future shall continuously be released to Plaintiff as partial payment of the above-identified damages and Third-Party Providers are ordered to continue to release those monies to Plaintiff until the entire above-identified damages amount has been satisfied. Although the financial accounts shall remain restrained, nothing herein shall restrict the Defaulting Defendants from operating the associated Online Marketplace Accounts to sell products unrelated to Plaintiff, bearing Plaintiff's Trademark, or that use Plaintiff's Copyrighted Material or materials substantially similar thereto.

9. Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

10. In the event that Plaintiff identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at the e-mail addresses provided for Defaulting Defendants by third parties.

11. The ten thousand dollar ($10,000) surety bond posted by Plaintiff is hereby released to Plaintiff or its counsel, Saper Law Offices, LLC, along with any interest accrued thereon. The Clerk of the Court is directed to return the surety bond previously deposited with the Clerk of the Court (along with any interest accrued thereon) to Plaintiff or its counsel.

Dated: July 9, 2025

Entered:

John Robert Blakey
United States District Judge

# Schedule A

| No. | Marketplace | Merchant Name | Merchant ID | Product ID | TM Used | (C) Used |
|---|---|---|---|---|---|---|
| 1 | Aliexpress | 3 Cn1083050029swmae Store | 1103575301 | 3256808083997334 | The Uzzle | TX0009317702<br>VA0002424889<br>VA0002425352<br>VA0002425007 |
| 2 | Aliexpress | 4 Cn1083098031sekae Store | 1103580312 | 3256808091513891 | The Uzzle | TX0009317702<br>VA0002424889<br>VA0002425352<br>VA0002425007 |
| 3 | Aliexpress | Cn1086289450-5fxaae Store | 1103679583 | 3256808089488773 | The Uzzle | TX0009317702<br>VA0002424889<br>VA0002425352<br>VA0002425007 |
| | | | | 3256808106329966 | The Uzzle | TX0009317702<br>VA0002424889<br>VA0002425007 |